

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-80,713-02

### EX PARTE GEORGE ROBERT POWELL, III, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. FR 63436-B IN THE 27TH DISTRICT COURT
### FROM BELL COUNTY

*Per curiam*.  NEWELL, J., not participating.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967).  Applicant was convicted of aggravated robbery and sentenced to twenty-eight years' imprisonment.  The Third Court of Appeals affirmed his conviction.  *Powell v. State*, 03-09-00730-CR (Tex. App. — Austin, April 15, 2011) (not designated for publication).

Applicant contends, among other things, that he was denied due process when the State failed to disclose impeachment information about a jailhouse informant to the defense, presented false testimony from the same witness, and failed to correct that false testimony.  The trial court conducted

a live habeas hearing, and has determined that the State failed to timely disclose impeachment information regarding the jailhouse informant, Demetric Smith.  In addition, the trial court finds that the State told Smith that his testimony in this case would be taken into consideration in the disposition of his own pending charges, a fact that was not disclosed to the defense.  *Giglio v. United States*, 405 U.S. 150, 155 (1972). The trial court finds that Smith's testimony at trial that he  had not made any kind of deal in exchange for his testimony, had not asked for anything, did not hope for any kind of credit, and was testifying only because he wanted to do "the right thing" was false, and that the State failed to correct such testimony.  *Napue v. Illinois, 360 U.S. 264, 270,* (1959); *Duggan v. State*, 778 S.W.2d 465, 468 (Tex. Crim. App. 1989).  Relief is granted.  The judgment in Cause No. FR 63436-B in the 27th District Court of Bell County is set aside, and Applicant is remanded to the custody of the Sheriff of Bell County to answer the charges as set out in the indictment.  The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: June 26, 2019
Do not publish